Filed 10/13/23  P. v. Monroy CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EDUARDO LALO MONROY,<br><br>    Defendant and Appellant. | B318709<br><br>Los Angeles County<br>Super. Ct. No. BA189665 |

APPEAL from an order of the Superior Court of Los Angeles County, Norman J. Shapiro, Judge. Reversed and remanded.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2000, defendant and appellant Eduardo Lalo Monroy (defendant) was convicted of conspiracy to commit murder, first degree murder with special circumstances, and second degree murder, with arming, firearm use, and gang enhancements. In 2019, defendant petitioned for resentencing on the second degree murder count under former Penal Code[1] section 1170.95.[2] The court found that defendant failed to state a prima facie case for relief under the statute and denied the petition without conducting an evidentiary hearing. Defendant appeals.

We agree with defendant that he sufficiently stated a prima facie case for relief with respect to his second degree murder conviction. Accordingly, we reverse and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

### 1.    Underlying Crime and Charges

On the afternoon of February 9, 1999, Lovell Ferguson purportedly stole some marijuana from a member of the Barrio Mojados gang. Two other members of the gang, Richard George Moreno and defendant, searched for and found Ferguson. When Ferguson ran from the men, Moreno chased after him. After Ferguson scrambled into the passenger side of a car that was stopped at a traffic light, Moreno approached the car. Moreno

---

[1] All undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, former section 1170.95 was renumbered to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) At times we refer to the law formerly codified at section 1170.95 as section 1172.6.

fired a handgun multiple times into the passenger compartment and killed Ferguson as well as the driver, Silvia Servin. Two officers from the Los Angeles Police Department, who were passing in a marked patrol car, witnessed the shooting.[3]

Moreno and defendant were charged by indictment with conspiracy to murder Ferguson (§ 182, subd. (a)(1); count 1). The indictment alleged that Moreno and defendant took the following overt acts in furtherance of the conspiracy: they agreed to kill Ferguson due to his theft of drugs, Moreno asked defendant for a handgun, Moreno and defendant searched for Ferguson while armed, they chased Ferguson after they found him, and after Ferguson shattered the window of and entered Servin's car, Moreno fired a nine-millimeter pistol into the car. The indictment also charged both defendants with the murders of Ferguson (§ 187, subd. (a); count 2), and Servin (count 3). The indictment included allegations on all counts regarding the possession and use of firearms. (§§ 12022.53, subds. (a), (b)(1), (c)(1), (d)(1) & (e)(1), 12022.5, subd. (a)(1)). Counts 2 and 3 included multiple murder special circumstance allegations (§ 190.2, subd. (a)(3)), and counts 1 and 2 included allegations that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)).

---

[3] We provide these facts for background purposes because they were recited by both parties in their briefing and were included in the opinion in the direct appeal. However, we do not rely on these facts in resolving the issues presented in this appeal. (See § 1172.6, subd. (d)(3).)

## 2.	Verdict, Sentence, and Direct Appeal

Moreno and defendant were tried together before a jury. As relevant here, the jury was instructed regarding direct liability as an aider and abettor (CALJIC No. 3.01), aider and abettor liability for murder as a natural and probable consequence of conspiracy to murder (CALJIC No. 3.02), conspiracy to commit murder and overt acts, as well as liability for the natural and probable consequences of acts in furtherance of conspiracy to murder (CALJIC Nos. 6.10, 6.11, & 6.23), premeditation and deliberation (CALJIC No. 8.20), and multiple murder special circumstance (CALJIC No. 8.80.1).

The jury found defendant guilty of conspiracy to murder Ferguson (§ 182, subd. (a)(1); count 1), willful, deliberate, and premeditated murder of Ferguson (§ 187, subd. (a); count 2), and second degree murder of Servin (§ 187, subd. (a); count 3). The jury found true the gang allegation (§ 186.22, subd. (b)) as to counts 1 and 2, but not true as to count 3. On all counts, the jury found true the armed principal (§ 12022.53, subd. (a)) allegations and found not true the allegations that defendant personally used and personally discharged a firearm (§§ 12022.53, subds. (b)(1), (c)(1), (d)(1) & (e)(1), 12022.5, subd. (a)(1)). Finally, the jury found true the multiple murder special circumstance allegation (§ 190.2, subd. (a)(3)).[4]

---

[4] Because the verdict forms could not be located during the preparation of the record on appeal, the Attorney General has requested that we take judicial notice of the entire record from the direct appeal. We take judicial notice of the verdict forms (Evid. Code, §§ 452, subd. (d), 459) but otherwise deny the request.

4

On direct appeal, a different panel of this Division affirmed defendant's convictions but concluded the court made several sentencing errors. (*People v. Moreno et al.* (Sept. 13, 2002, B144016 [nonpub. opn.].) On remand, the trial court resentenced defendant on count 2 to life without the possibility of parole and to 15 years to life on count 3, to run consecutively. The court stayed the previously imposed sentence on count 1 under section 654 and struck the arming and gang enhancements under section 1385.

### 3.    Petition for Resentencing

In January 2019, defendant filed a petition seeking resentencing under section 1172.6 and alleging: (1) he had been convicted of first and second degree murder under a felony murder or natural and probable consequences theory; (2) he was not the actual killer; (3) he did not, with the intent to kill, aid and abet the actual killer; (4) he was not a major participant in the underlying felony or did not act with reckless indifference to human life; and (5) he could not be convicted of murder under a currently valid theory. The trial court appointed counsel to represent defendant.

The People opposed the petition. As to counts 1 (conspiracy to murder Ferguson) and 2 (first degree murder of Ferguson), the jury necessarily found that defendant acted with the specific intent to kill Ferguson. Because those convictions were based on express malice, they were unaffected by the recent changes to the murder statutes. As to count 3, the People argued the evidence demonstrated that, at a minimum, defendant acted with conscious disregard for human life. In addition, the People asserted defendant acted with express malice as to Ferguson's

murder and the doctrine of transferred intent extended that express malice to Servin's murder.

In response to the opposition, defendant conceded there was some evidence that he conspired with Moreno to kill Ferguson. As to victim Servin, however, defendant maintained that he could have been convicted under the natural and probable consequences theory and that an evidentiary hearing was necessary to determine whether he was eligible for resentencing.

Both sides submitted supplemental briefs. Defendant emphasized that he made out a prima facie case for relief with respect to his second degree murder conviction. Specifically, he was not the actual killer of Servin and the jury had been instructed that it could convict him of her murder under the now-invalid natural and probable consequences theory. The People argued, again, that the jury's express malice finding on counts 1 and 2 meant that no malice was "imputed" to defendant on count 3, rendering him ineligible for relief under section 1172.6 as a matter of law.

The trial court denied defendant's petition. The court did not explain the basis of its ruling from the bench, nor did it issue a statement of decision.[5] (See former section 1170.95, subd. (c), as amended by Stats. 2021, ch. 551 (S.B. 775), § 2, eff. Jan. 1, 2022 ["If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."].)

This timely appeal followed.

---

[5] The complete transcript of the hearing reads as follows: The Court: "Calling BA189665-02 Eduardo Monroy. This is an 1170.95(a) request. Counsel, I have reviewed all of the material submitted by both sides and after extensive review I have to deny this request. [¶] Thank you both."

6

# DISCUSSION

Defendant argues the court erred in denying his section 1172.6 resentencing petition at the prima facie stage with respect to his second degree murder conviction. We agree.

## 1.     Senate Bill No. 1437 and Section 1172.6

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and limited the scope of the felony murder rule. (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*); *People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The bill amended section 188 by adding the requirement that, except as stated in section 189, subdivision (e), "in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).)

Senate Bill 1437 also created a procedure, now codified at section 1172.6, for a person convicted of murder under the former law to be resentenced if he or she could no longer be convicted of murder under amended section 188. (*Lewis*, *supra*, 11 Cal.5th at p. 959; *Gentile*, *supra*, 10 Cal.5th at p. 847.) A defendant begins by filing a petition containing a declaration that, among other things, he or she could not presently be convicted of murder under the current law. (*Strong*, *supra*, 13 Cal.5th at p. 708.) If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition. (§ 1172.6, subd. (b)(2).) Otherwise, counsel must be

7

appointed, if requested. (*Id.*, subd. (b)(3).) The prosecutor must file a response and the petitioner may file a reply. The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief. (*Id.*, subd. (c); accord, *Lewis,* at pp. 961–963, 967.)

In making the prima facie determination, the court may rely on the record of conviction. (*Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id.* at p. 972; see also *People v. Romero* (2022) 80 Cal.App.5th 145, 151.) Nevertheless, the court may appropriately deny a petition at the prima facie stage if the petitioner is ineligible for relief as a matter of law. " '[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner," ' " thereby deeming the petitioner ineligible. (*Lewis,* at p. 971.) For example, if the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law. (*People v. Daniel* (2020) 57 Cal.App.5th 666, 677.)

We independently review a trial court's determination on whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

2. **Defendant is entitled to an evidentiary hearing under section 1172.6.**

Defendant contends that his second degree murder conviction was premised on the now-invalid natural and probable consequences theory. The trial court instructed the jury on two

8

possible theories relating to Servin's murder: aiding and abetting (CALJIC Nos. 3.00 and 3.01) as well as the natural and probable consequences doctrine. Specifically, CALJIC No. 3.02 told the jury that a person who aids and abets the commission of a crime is not only guilty of that crime, but any crimes committed by a principal that is a natural and probable consequence of the crime originally aided and abetted. (CALJIC No. 3.02.) The verdict form does not indicate, one way or the other, which theory the jury relied on in convicting defendant of Servin's murder. And during closing argument, the prosecutor relied in part on the natural and probable consequences theory with respect to defendant's liability for Servin's murder. It is therefore possible that the jury relied on the natural and probable consequences doctrine to convict defendant of Servin's murder.

The Attorney General argues defendant is ineligible for resentencing under section 1172.6 as a matter of law because "[t]he jury's verdicts in this case establish that the jury found [defendant] guilty under a theory that he directly aided and abetted the murders. The jury's true findings on the multiple-murder special circumstances indicate it found that [defendant], who was not alleged to be the actual killer, necessarily acted '*with the intent to kill*, aided or assisted in any act in the commission of murder in the first degree.' "

We agree that the jury found defendant acted with the intent to kill Ferguson. Indeed, the jury made a special finding that the killing was willful, premeditated, and deliberate. But neither the instructions nor the verdict form regarding the multiple murder special circumstance definitively establish, as a matter of law, that the jury convicted defendant of Servin's

9

murder as a direct aider and abettor, i.e., that he acted with the intent to kill Servin.

The court instructed the jury using CALJIC Nos. 8.80.1 and 8.81.3, which stated as pertinent here:

"If you find a defendant in this case guilty of murder of the first degree, you must then determine if the following special circumstance is true or not true: MULTIPLE MURDER.

"The People have the burden of proving the truth of a special circumstance. If you have a reasonable doubt as to whether a special circumstance is true, you must find it to be not true.

"If you are satisfied beyond a reasonable doubt that the defendant actually killed a human being, you need not find that the defendant intended to kill in order to find the special circumstance to be true.

"If you find [the] defendant was not the actual killer of a human being, or if you are unable to decide whether the defendant was the actual killer or an aider and abettor or co-conspirator, you cannot find the special circumstance to be true as to that defendant unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill aided, abetted, counseled, or assisted any actor in the commission of the murder in the first degree.

"A defendant acts with reckless indifference to human life when that defendant knows or is aware that his acts involve a grave risk of death to an innocent human being."

"To find the special circumstance, referred to in these instructions as multiple murder convictions, is true, it must be proved:

"A defendant has in this case been convicted of at least one crime of murder of the first degree and one or more crimes of murder of the first or second degree."

Under these instructions, in order to find the special circumstance allegation true in this case, the jury was only required to find that defendant acted with the intent to kill Ferguson, i.e., the victim of the *first degree* murder conviction. Nothing in the instructions advised the jury that it was required to make a similar finding with respect to Servin's murder, as would be required to convict defendant as a direct aider and abettor.

The verdict form also contains no reference to the theory underlying the murder conviction relating to Servin nor did it require the jury to make a specific finding on that point. The special circumstance verdict form states: "We the jury having found the defendant EDUARDO LALO MONROY guilty of the crime of MURDER in count 2 and MURDER in count 3 further find the Special Circumstance of Multiple Murder pursuant to Penal Code section 190.2(a)(3), that the defendant has been convicted of at least one crime of MURDER in the first degree and one crime of MURDER in either the first degree or second degree to be _[TRUE]__." This special circumstance finding does not indicate, one way or the other, whether the jury convicted defendant of Servin's murder based on direct aiding and abetting or under the natural and probable consequences doctrine.

The Attorney General also argues that the doctrine of transferred intent precludes relief under section 1172.6 as a

11

matter of law. But the jury was not instructed regarding transferred intent and therefore it is not clear defendant was convicted under that theory. (Cf. *People v. Cortes* (2022) 75 Cal.App.5th 198, 205 [the defendant failed to make a prima facie showing of entitlement to section 1172.6 relief because "the jury was not instructed on any theory of liability for murder or attempted murder that required that malice be imputed to him"]; *People v. Estrada* (2022) 77 Cal.App.5th 941, 945–949 [the defendant was ineligible for section 1172.6 relief because the jury instructions showed that he was convicted as a direct aider and abettor to first degree murder]; *People v. Daniel* (2020) 57 Cal.App.5th 666, 677 [the defendant was ineligible for section 1172.6 relief as a matter of law because the jury was not instructed on felony murder or the natural and probable consequences doctrine].) To find defendant ineligible for resentencing based on a theory that was not pursued at trial would require judicial factfinding, which is impermissible at the prima facie stage. (*Lewis, supra,* 11 Cal.5th at pp. 971–972.)

In sum, defendant adequately alleged a prima facie claim for relief and the record does not rebut his allegations as a matter of law. The court was required to issue an order to show cause (§ 1172.6, subd. (c)), and to hold a hearing at which the prosecution bears the burden of proving defendant's ineligibility for resentencing as to count 3 beyond a reasonable doubt unless such hearing is waived. (*Id.*, subd. (d).) In failing to do so, the court erred. Accordingly, we must reverse and remand for further proceedings. We express no opinion on the merits of the petition.

## DISPOSITION

The order denying the petition for resentencing as to count 3 is reversed. On remand, the court shall issue an order to show cause and conduct an evidentiary hearing to determine whether defendant Eduardo Lalo Monroy should be resentenced on the second degree murder conviction under section 1172.6.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

EDMON, P. J.

EGERTON, J.

13